# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENTAIR WATER POOL AND SPA, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MacCALLUM,<br><br>Defendant. | Case No. 3:19-cv-02479-DMS-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR STIPULATED PRELIMINARY INJUNCTION**<br><br>Complaint Filed: December 26, 2019<br><br>District Judge: Dana M. Sabraw<br>Courtroom: 13A<br><br>Magistrate Judge: Allison H. Goddard<br>Courtroom: 3B |

Having considered Plaintiff PENTAIR WATER POOL AND SPA, INC.'s ("Pentair") Ex Parte Motion for a Temporary Restraining Order and Pentair and Defendant DAVID MACCALLUM's ("Defendant") Joint Motion for a Preliminary Injunction ("Joint Motion"), and finding good cause for same, the Court hereby **GRANTS** the Joint Motion and orders as follows:

**IT IS HEREBY ORDERED**:

1. **Stipulated Preliminary Injunction**:

    a. This Preliminary Injunction is granted on the findings that i) both parties have stipulated to entry of this Preliminary Injunction in an effort to resolve this dispute; and that ii) Defendant MacCallum denies any wrongdoing and has agreed

to permit Pentair's digital expert to conduct a digital forensic investigation; and that iii) Pentair has shown a reasonable likelihood of success on the merits of its trade secret misappropriation allegations that MacCallum copied his work e-mails and Pentair's confidential, proprietary, and competitively-valuable information without authorization, digitally altered the company laptop assigned to him, and then quit his position at Pentair and now works for a direct competitor; and that, iv) Pentair is suffering or will suffer immediate, irreparable injury if a preliminary injunction is not issued, because the timing and actions taken by MacCallum support a reasonable inference that the exfiltrated data will be used for improper purposes, and the exfiltrated data could be used by a competitor to immediately undercut Pentair's pricing (which would eliminate Pentair's pricing margins), raid Pentair's sales relationships, and significantly injure Pentair's goodwill.

      b.     MacCallum is **ENJOINED** from accessing, using, disclosing, or destroying Pentair's confidential and proprietary information, and therefore is **ORDERED** as follows:

        i.     Within fourteen calendar days of the entry of this Preliminary Injunction MacCallum shall turnover to digital forensics vendor Digital Mountain, Inc. any data or hard copy documents belonging to Pentair that are still in MacCallum's possession, custody, or control.

        ii.     Within fourteen calendar days of the entry of the Preliminary Injunction MacCallum shall turnover to Digital Mountain, Inc. any devices he used to access or store Pentair's data.

        iii.     Within fourteen calendar days of the entry of the Preliminary Injunction MacCallum shall turnover to Digital Mountain, Inc. any devices he used to access his Box.com account.

        iv.     Within fourteen calendar days of the entry of the Preliminary Injunction, and upon the reasonable subsequent request made by Digital Mountain, Inc., MacCallum shall turnover to Digital Mountain, Inc. any information

1  Digital Mountain, Inc. deems necessary to complete its digital investigation, which
2  includes but is not limited to filling out and executing the Cloud Based Account and
3  Personal Service Device Authorization Letters attached hereto as Exhibits 1 and 2.  If
4  MacCallum has a dispute regarding a turnover request by Digital Mountain, Inc.
5  which cannot be resolved by the parties, the Magistrate Judge may hear and resolve
6  the dispute in such a manner as the Magistrate Judge deems appropriate.

    v. MacCallum shall maintain the confidentiality of Pentair's information, including refraining from using or disclosing Pentair's information.

    vi. MacCallum shall preserve all evidence in his possession, custody, or control that is potentially relevant to this case.

  c. The Court finds that the costs to MacCallum to comply with the agreed-upon preliminary injunction are negligible, if any, and therefore Pentair need not post any bond.

 2. Pentair's Ex Parte Motion [ECF No. 2] for a Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Issue is **DENIED AS MOOT**.

 3. The evidence submitted by Pentair in support of the Ex Parte Motion for a Temporary Restraining Order shall not become part of the trial record pursuant to FRCP Rule 65 (a) (2), but neither Pentair nor MacCallum is hereby waiving any rights to introduce any relevant evidence at trial by virtue of this paragraph and shall not be precluded from introducing relevant evidence at trial by virtue of this paragraph.

///
///
///
///
///
///
///

4. MacCallum may move to dissolve the Preliminary Injunction after March 19, 2020.

**IT IS SO ORDERED.**

Dated: January 28, 2020

_____
Hon. Dana M. Sabraw
United States District Judge